## The Lacey Manufacturing Co., Inc. v. Nicholas A. Giarniero

| SUPERIOR COURT | FAIRFIELD COUNTY | FILE NO. 79394 |

Memorandum filed June 14, 1949.

William L. Hadden, Attorney General, and *Harry Silverstone,* Assistant Attorney General, of Hartford, for the Defendant.

ALCORN, J. The respondent employer has appealed without benefit of counsel and the record is in a form which does not present the issue with technical exactness. Following the finding of facts and decision of the commissioner, the respondent appealed, assigning, in substance, that the commissioner erred in concluding that the claimant was justified in quitting his job because he was given work other than that for which he was employed. General Statutes, Rev. 1949, § 7508 (2) (a). Thereafter the respondent

moved to correct the finding to establish that claimant was employed to do the work of a tool- and die- maker under instruction without any specified job prescribed and that the work assigned him was of the type for which he was hired. This motion was denied, but its denial is not made a reason of appeal.

The issue presented in argument in substance followed the reasons assigned on the appeal and the court considers the issue thus presented.

In justice to the respondent it is noted that the record certified by the commissioner discloses no crossexamination of the claimant by the respondent and no evidence taken from the respondent beyond a single answer in response to the following question from the commissioner: "Mr. Lasto, have you a statement to make after hearing his testimony?" And it further discloses that much of the commissioner's finding rests upon facts suggested by him in leading questions to the claimant.

The commissioner's conclusion appealed from is based upon the subordinate fact found in paragraph 5 of the finding that claimant was hired "as a tool and die maker" and that he was "assigned to work making coin dies, which is repetitive and production work." The meaning of "repetitive and production work" is ambiguous, its meaning is not found by the commissioner, and he does not find as a subordinate fact that it is not the work of a tool- and die- maker.

The ultimate conclusion "that it was a breach of verbal contract for the company to hire this man as a tool and die maker and then assign him to work which was repetitive and could be considered to be in the production field" is, therefore, legally inconsistent with the subordinate facts found.

The appeal is sustained and the commissioner is directed to enter an order vacating the award.